IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR88 |
| v. | |
| NICKOLE TERESE STAFFORD, | ORDER ON INITIAL REVIEW |
| Defendant. | |

On December 13, 2023, defendant Nickole Terese Stafford ("Stafford") pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Filing Nos. 1, 34, 36, 37). Three months later, the Court sentenced her to 130 months in prison, to be followed by 5 years of supervised release (Filing Nos. 41, 42). That sentence satisfied the ten-year mandatory minimum that applies to her offense. *See id.* § 841(b)(1)(A).

Before the Court is Stafford's *pro se* Emergency Motion for Compassionate Release (Filing No. 48) pursuant to 18 U.S.C. § 3582(c)(1)(A). In pertinent part, that statute permits her to move the Court to "reduce [her] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where she resides receives a request to file such a motion on her behalf. *Id.* § 3582(c)(1)(A); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). Sentencing relief under § 3582(c)(1)(A) is often referred to as "compassionate release." *See United States v. Totaro*, 91 F.4th 1263, 1264 (8th Cir. 2024).

Stafford contends she meets those requirements. As grounds, she reports she "is suffering from a terminal or serious medical condition" primarily related to hypertension and her need for a knee replacement. Stafford also describes the "extreme hardship" she

and her family face in having her mother care for her two minor children while Stafford is in jail. She asks the Court to reduce her sentence to time served.

The government strongly opposes Stafford's motion (Filing No. 49), calling part of her medical claim "nonsensical." To start, the government questions whether Stafford adequately requested relief from her warden and whether anyone at the Bureau of Prisons ("BOP") perceived her September 2024 note to her warden "as an official request for compassionate release." According to the government, "typical motions include a notarized from specific to compassionate release verse [sic] an internal 'kit' making a request to apply."

Shifting to the merits, the government asserts Stafford abjectly "fails to show that compassionate release is warranted." As the government sees it, Stafford's medical conditions—which predate her incarceration—are not that serious and are being properly treated in the BOP. As for Stafford's family circumstances, the government asserts her "family is the true victim in this case" because Stafford's extensive criminal history and resulting prison time have frequently left her family in the lurch. The government condemns Stafford for "using her family as a tool to get out of prison."

Having carefully reviewed Stafford's motion and the government's response, the Court finds Stafford has raised potential grounds for a sentence reduction under § 3582(c)(1)(A)(i). The Court further finds that appointing counsel to assist Stafford will help the Court determine whether to grant that relief. For those reasons,

IT IS ORDERED:
1. The Federal Public Defender for the District of Nebraska is appointed to represent defendant Nickole Terese Stafford for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce her term of imprisonment.
2. In the event the Federal Public Defender declines this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft

       appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. If upon his review the Federal Public Defender should conclude that Stafford's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

4. The U.S. Probation and Pretrial Services Office is directed to investigate Stafford's request for a sentence reduction and promptly file under seal a report on that investigation.

5. The probation office is authorized to disclose Presentence Investigation Reports to the Federal Public Defender and the United States Attorney for the purpose of evaluating the motion. Stafford's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. Within ten days of the probation office filing its investigation report, the government and Stafford's counsel may file supplemental briefing addressing that report and Stafford's request for sentencing relief and should provide any additional evidence necessary to the Court's disposition of his motion. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 7th day of March 2025.

                                                  BY THE COURT:

                                                  Robert F. Rossiter, Jr.
                                                  Chief United States District Judge