IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR88 |
| v. | |
| NICKOLE TERESE STAFFORD, | ORDER |
| Defendant. | |

    This matter is before the Court on defendant Nickole Terese Stafford's ("Stafford") Motion for the Appointment of Counsel (Filing No. 60) pursuant to 18 U.S.C. § 3006A. Stafford primarily seeks appointment of counsel in order to file a second motion for compassionate release. As amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5184 (2018), 18 U.S.C. § 3582(c)(1)(A)(i) authorizes Stafford to ask the Court to grant "compassionate release," that is to "reduce [her] term of imprisonment for "extraordinary and compelling reasons" thirty days after the warden of the facility where she is incarcerated receives a request to file such a motion on her behalf. Pub. L. No. 115-391, 132 Stat. 5194 (2018). *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023) (noting a district court's discretion "to grant or deny relief" when those statutory requirements are met). Stafford provides evidence that she presented this request for relief to the warden of her BOP facility (FPC Alderson) on November 12, 2025. Stafford presents no evidence of a response from the warden, but more than thirty days have passed.

    Stafford currently asserts she would seek relief based on Amendment 833 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), specifically those changes and clarifications dealing with mitigating-role adjustments, *see* U.S.S.G.

§ 2D1.1(e)(2) and § 3B1.2.[1] She also intends to seek relief based upon "rehabilitation." She does not further elaborate on her request. Stafford's request will be denied.

First, Stafford has no Sixth Amendment right to legal representation in post-conviction proceedings like this. *See* U.S. Const. Amend. VI; *Garza v. Idaho*, 586 U.S. 232, 245 (2019). Of course, the Court can appoint counsel if the circumstances warrant it. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (identifying factors for the Court to consider, including "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel"). But they don't here. These matters at issue are not factually or legally complex, and Stafford has shown the ability to "investigate and articulate [her] claims." *Id.* Stafford's request will therefore be denied.

Second, regarding the merits of Stafford's proposed grounds, the Court notes (as does Stafford) that the recent potential Guidelines amendments dealing with mitigating-role adjustments have not been deemed to be retroactive, s*ee* U.S.S.G. § 1B1.10(d), for purposes of relief under § 3582(c)(2). Moreover, Amendment 833 does not in and of itself (or in combination with rehabilitation) appear to provide a basis for compassionate release in Stafford's case. *See* U.S.S.G. § 1B1.13 (c) and (d).

Based on the foregoing, Stafford's Motion for Appointment of Counsel (Filing No. 60) is denied. While the Court remains skeptical of Stafford's proposed grounds, this denial does not preclude her from seeking compassionate release with a more-detailed explanation of her reasoning.

---

[1] In a prior motion for compassionate release (Filing No. 48), Stafford sought relief due to her own medical issues as well as family issues. The Court denied that request on May 23, 2025 (Filing No. 59).

IT IS SO ORDERED.

Dated this 21st day of January 2026.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.  
Chief United States District Judge