IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR88** |
| v. | |
| NICKOLE TERESE STAFFORD, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Nickole Terese Stafford's ("Stafford") *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 63).

Stafford previously moved for such a reduction approximately one year ago. In that motion (Filing No. 48), she argued for relief based upon numerous medical issues and family circumstances. She also argued that application of the actual methamphetamine guidelines in her case created an unwarranted discrepancy in her sentence.[1] That motion was denied, and she raises none of those issues in her current motion.

Stafford now claims she is entitled to a reduction based on changes in the United States Sentencing Guidelines ("U.S.S.G.") clarifying the availability and the application of mitigating-role adjustments brought about by Amendment 833, U.S.S.G. §§ 2D1.1(a)(5) and 3B1.2. She also claims the Court should consider her efforts at rehabilitation while incarcerated.

---

[1]Some courts have granted variances at sentencing based on policy disagreements with the sentencing guidelines for actual methamphetamine versus a mixture of methamphetamine. Those guidelines result in a 10-1 ratio between actual versus a mixture of methamphetamine. *See, e.g. United States v. Hayes*, 948 F. Supp 1009, 1025 (D. Iowa 2013).

After careful review, the Court concludes her motion should be denied. Although Amendment 833 was meant to clarify the circumstances in which mitigating-role adjustments should be applied, it is not a covered amendment under U.S.S.G. § 1B1.10(c), and therefore is not applied retroactively. *United States v. Johnson*, 2026 W.L. 103185 *1 (D. Neb. Jan. 14, 2026).

U.S.S.G. § 1B1.13(c) provides:

LIMITATION OF CHANGES IN LAW.— Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

Because Stafford has failed to otherwise establish extraordinary and compelling reasons, Amendment 833 cannot by itself be a basis for relief.

Next, while rehabilitation can be considered in combination with other factors when determining if relief is available, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for relief. U.S.S.G. § 1B1.13(d).

As noted in the Court's previous denial of compassionate release, Stafford has a lengthy criminal history, which placed her in a criminal history category VI. She has a number of prior convictions dating back to the age of 20, and her current sentence is for her third felony conviction for a controlled-substance violation.

Having been sentenced on March 15, 2024, Stafford has served only 25 months of her 130-month sentence. Considering all the factors under § 1B1.13 and the pertinent sentencing factors under 18 U.S.C. § 3553(a), the Court finds that Stafford has not presented extraordinary and compelling reasons for her release.

Stafford's motion (Filing No. 63) is denied.

IT IS SO ORDERED.

Dated this 24th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3